ORIGINAL

JOHN HARRIS PAER, ESQ.   #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 26 2007

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GERALDINE I. KAJITANI,       )
individually and as trustee of )
the GERALDINE I. KAJITANI    )
REVOCABLE TRUST and ARNOLD K. )
KAJITANI, individually        )
and as trustee of the ARNOLD )
K. KAJITANI REVOCABLE TRUST, )
                              )
          Plaintiffs,         )
                              )
    vs.                       )
                              )
DOWNEY SAVINGS AND LOAN       )
ASSOCIATION, F.A.,            )
                              )
          Defendant.          )
_____)

CIVIL NO. CV07 00398 SOM LEK

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF;
EXHIBITS "A - C"; SUMMONS

PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COME NOW Plaintiffs, by and through their undersigned
attorney and allege as follows:

INTRODUCTION

1.   This Complaint is filed and these proceedings are
instituted under the "Truth in Lending Act" 15 U.S.C. Section 1601,
et seq., to rescind, recover actual and statutory damages,
reasonable attorney's fees and costs of suit by reason of the

Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 12 C.F.R. § 226, commonly known as Regulation Z.  Plaintiff seeks actual and statutory damages arising out of Defendants' misrepresentations and failure to make required disclosures.

JURISDICTION

2.  The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1640(e) and 28 U.S.C.A. Sections 1331, 1332 and 1337.  There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. The supplemental jurisdiction of this Court is invoked over Counts II and III of the Complaint, which arise under Chapter 480 of the Hawaii Revised Statutes and under other state laws.  Jurisdiction of the state claims is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

PARTIES

3.  Plaintiffs are natural persons and are residents and citizens of the State of Hawaii.  Geraldine I. Kajitani is a retired elementary school teacher who taught at Nuuanu Elementary School for more than twenty years.  Arnold K. Kajitani is a retired inspector for the Board of Water Supply.

4.  Defendant Downey Savings and Loan Association, F.A. (hereinafter "Downey") is a savings and loan association doing

business in the State of Hawaii.  Downey is a citizen of a state other than Hawaii and is subject to the jurisdiction of this Court.

## FACTS

5.   Within the year prior to the filing of this action, Defendant, in the ordinary course of business, regularly extended credit to its consumer customers for which a finance charge was imposed and/or accepted assignment of such consumer debt.

6.   Matthew Green, Mark Atalla, Dana Capital Corporation and Newport Lending Corporation negotiated the terms of that loan, and at all times relevant herein, acted as loan broker and as agents of both Downey and Plaintiffs.

7.   Some or all of the persons in paragraph 6 above were not licensed in Hawaii as mortgage brokers and/or mortgage solicitors at the time of the closing of this loan.

8.   Downey and its agents promised and represented to Plaintiff that they would get a loan at an interest rate of 1.00 per cent at a fixed rate for five years.

9.   At that time, Downey knew that its representation was untrue, but made the above representation with the intent to induce Plaintiffs into accepting the loan described herein.

10.   Plaintiffs relied upon the above representation and was justified in their reliance.

11.   Plaintiffs suffered detriment as a direct result of their reliance on that above-described promise, in part by refinancing their then present 5.25% fixed rate loan with First Hawaiian Bank.

12.   Instead of the 1.00% fixed rate for five years as promised, Plaintiffs were given an option arm adjustable rate mortgage such that the teaser rate would change November, 2006.

13.   The resulting interest rate for the loan would be variable between 7.98% and 10.95%.

14.   On or about September 15, 2006, Plaintiffs entered into a loan transaction with Downey.

15.   The closing and signing of documents in connection with that loan was held at a Waikiki hotel in Honolulu, Hawaii at which time Plaintiffs received no documents at all.

16.   A true copy of the disclosure statement for that loan, which was mailed to Plaintiffs after closing, is attached hereto as Exhibit "A".

17.   A true copy of the Notice of Right to Cancel for that loan, which was mailed to Plaintiffs after closing, is attached as Exhibit "B".

18.   True copies of other notices of right to cancel which were sent to Plaintiffs are attached hereto as Exhibit "C".

19.   The above debt was incurred primarily for personal, family, or household purposes.

20.   The above indebtedness was secured by a mortgage on Plaintiffs' principal residence.

21.   Upon information and belief, Downey is the present holder of the above described note and mortgage.

22.   On or about July 5, 2007, Downey received notice, via certified mail, of Plaintiffs' counsel's letter dated July 2, 2007, which stated that Plaintiffs were rescinding the above described loan and tendered all amounts owing pursuant to the cancellation requirements of the Truth in Lending Act.

23.   On July 23, 2007 Downey responded to the above letter, but refused to rescind the loan, did not release its mortgage and did not take the other steps required upon rescission.

24.   Plaintiffs again rescind the above-described loan, and all other transactions they have or had with Downey.

25.   Plaintiffs will be irretrievably harmed if Downey continues to refuse to rescind the loan and proceeds with collection of the loan and/or foreclosure upon their home.

## COUNT I - TILA

26.   Plaintiffs reallege and incorporate paragraphs 1 through 25 of this Complaint.

27.   Defendant has violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

(a)   the Annual Percentage Rate,

(b)   the Finance Charge,

(c)   the Amount Financed,

(d)   the Total of Payments and Payment Schedule,

(e)   the Security Interest,

(f)   the Notice of Right To Rescind, and

(g)   by failing to honor Plaintiffs' rescission letter and request to rescind the loan transaction.

28.   Plaintiffs have suffered serious personal injury and emotional harm as a result of Defendant's actions as described above.

COUNT II - Chapter 480

29.   Plaintiffs reallege and incorporate paragraphs 1 through 28 of this Complaint.

30.   Defendant has violated Chapter and 480 of the Hawaii Revised Statutes as alleged above.

31.   Defendant's violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

32.   Defendant's promises as to the interest rate, the charges and disclosure of those charges and terms in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs as consumers, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

33.   Defendant's giving to Plaintiffs an improper Notice of Right to Cancel is unfair and deceptive, in violation of H.R.S. Chapter 480.

34.   Defendant's refusal to honor Plaintiffs' rescission is unfair and deceptive, and is a separate violation of HRS §480-2.

35.   Plaintiffs have suffered injury to their property in an amount to be proved at trial by reason of Defendant's violations.

36.   Plaintiffs are elders within the meaning of Chapter 480.

<u>COUNT III - FRAUD</u>

37.   Plaintiffs reallege and incorporate paragraphs 1 through 36 of this Complaint.

38.   Defendant made false representations, both orally and in writing, regarding the interest rate and other terms of Plaintiffs' loan.

39.   Defendant knew the above-described representations were false.

40.   Defendant made the above representations in contemplation of Plaintiffs' reliance upon these false representations.

41.   Plaintiffs reasonably relied on Defendant's false representations and suffered substantial pecuniary damage as a result of their justifiable reliance.

WHEREFORE, Plaintiffs pray that the Court:

AS TO COUNT I

1.   Award Plaintiffs their actual damages as will be proved at trial.

2.   Enjoin Defendant from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, its security interest in the subject property.

3.   Award rescission of the transaction, rescission of all security interests relating to Plaintiffs' property, and order Defendant immediately to return to Plaintiffs all finance charges paid pursuant to that credit transaction, and direct that Plaintiffs have no further obligation of payment to Defendant.

4.   Order Defendant to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

5.   Order Defendant to delete any adverse information regarding Plaintiffs that it has reported to any consumer (credit) reporting agency; and enjoin Defendant from making, in the future, any adverse consumer report regarding Plaintiffs to anyone.


AS TO COUNT II

6. Award Plaintiffs damages in the amount of three times the injury to their property, but not less than $5,000.00 each.

7.   Declare the above transaction null and void.

8.   Award rescission of the transaction, rescission of all security interests relating to Plaintiffs' property, and direct that Plaintiffs have no further obligation of payment to Defendant.

9.   Order Defendant to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

10.   Order Defendant to delete any adverse information regarding Plaintiffs that it has reported to any consumer (credit) reporting agency; and enjoin Defendant from making, in the future, any adverse consumer report regarding Plaintiffs to anyone.

AS TO COUNT III

11.   Award Plaintiffs their actual damages as will be proved at trial.

12.   Enjoin Defendant from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, its security interest in the subject property.

13.   Award rescission of the transaction, rescission of all security interests relating to Plaintiffs' property, and order Defendant immediately to return to Plaintiffs all finance charges paid pursuant to that credit transaction, and direct that Plaintiffs have no further obligation of payment to Defendant.

14.   Order Defendant to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

15. Order Defendant to delete any adverse information regarding Plaintiffs that it has reported to any consumer (credit) reporting agency; and enjoin Defendant from making, in the future, any adverse consumer report regarding Plaintiffs to anyone.

AS TO ALL COUNTS

16. Declare Defendant's security interest in the subject property void, and enjoin Defendant from taking any action towards collection of the loan and/or foreclosure of its security interest in the subject property;

17. Award Plaintiffs their reasonable attorneys' fees and costs of Court.

18. Award Plaintiffs such other and further relief as the Court deems appropriate.

DATED:  Honolulu, Hawaii, July 26, 2007                .

JOHN HARRIS PAER
Attorney for Plaintiff