IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| GERALDINE KAJITANI, ET AL., ) | CIVIL NO. 07-00398 SOM-LEK |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| DOWNEY SAVINGS & LOAN ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER AWARDING ATTORNEY'S FEES AND COSTS**

On September 7, 2007, Defendant Downey Savings and Loan Association, F.A. ("Defendant") filed its Motion for Relief from the Entry of Default Filed August 21, 2007 ("Motion"). On October 25, 2007, this Court issued an order granting the Motion ("Order"). The Court, however, conditioned the set aside upon Defendant's payment of the reasonable attorney's fees incurred by Plaintiffs Geraldine I. Kajitani, individually and as trustee of the Geraldine I. Kajitani Revocable Trust, and Arnold K. Kajitani, individually and as trustee of the Arnold K. Kajitani Revocable Trust (collectively "Plaintiffs"). Specifically, the Court ordered Defendant to pay Plaintiffs' reasonable attorney's fees incurred in: 1) obtaining the entry of default; 2) opposing the Motion; and 3) appearing at the hearing on the Motion. On November 7, 2007, Plaintiffs filed a declaration of counsel, requesting $4,491.41 in attorney's fees. Defendant filed its objections on November 20, 2007. After reviewing the parties'

submissions, and based on this Court's familiarity with the case, the Court awards Plaintiffs $3,291.75 in attorney's fees.

## DISCUSSION

Although the Court notes Defendant's continuing objection to any award of attorney's fees in this matter, based upon this Court's Order, there is no need to determine whether Plaintiffs are entitled to said fees.[1]

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service

---

[1] The Court notes that Defendant neither moved for reconsideration of this Court's Order nor appealed the Order to the district judge.

>           properly, (4) the preclusion of other employment
>           by the attorney due to acceptance of the case, (5)
>           the customary fee, (6) whether the fee is fixed or
>           contingent, (7) time limitations imposed by the
>           client or the circumstances, (8) the amount
>           involved and the results obtained, (9) the
>           experience, reputation, and ability of the
>           attorneys, (10) the "undesirability" of the case,
>           (11) the nature and length of the professional
>           relationship with the client, and (12) awards in
>           similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

        Plaintiffs request the following lodestar amount for work they contend is compensable under the terms of this Court's Order:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| John Harris Paer | 15.35 | $280 | $4,298.00 |
| | State Excise Tax of 4.5% | | $  193.41 |
| | TOTAL REQUESTED LODESTAR | | $4,491.41 |

[Exh. A to Decl. of John Harris Paer ("Paer Decl.").]  Mr. Paer graduated from law school in 1969 and he states that he has specialized in consumer protection law since 1971.  [Id. at ¶ 3.]

### A. Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  Although attorneys are required to submit additional evidence that the rate charged is reasonable, see Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987), this Court is well aware of the prevailing rates in the community.  Plaintiffs' counsel did identify a recent case in which this Court awarded him an hourly rate of $280.  Defendant does not contest the reasonableness of the requested hourly rate.

Based on this Court's knowledge of the prevailing rates

in the community and the submissions in this case, this Court finds that the requested hourly rate of $280 is manifestly reasonable.

**B.   Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Defendant argues that, in light of Mr. Paer's stated experience in this area of law, 15.35 hours billed in connection with issues arising from the entry of default is excessive. Defendant also argues that the Motion would have been unnecessary

if Plaintiffs had agreed to stipulate to setting the entry of default aside.  Defendant asks the Court to reduce Plaintiffs' fee request by fifty percent.

The Court has previously ruled that Plaintiffs are entitled to their reasonable attorney's fees incurred in: 1) obtaining the entry of default; 2) opposing the Motion; and 3) appearing at the hearing on the Motion.  The Court therefore will not reduce Plaintiffs' award because they could have stipulated to set aside the entry of default.

The Court, however, finds that there are several items in Plaintiffs' request which are not within the scope of the Court's Order.  The Court will reduce counsel's hours by 0.75 for communications between Plaintiffs' counsel and Defendant's counsel about the entry of default and 0.4 hours for the receipt and review of the Order.  These items do not fall within the categories of attorney's fees identified in this Court's Order.

Plaintiffs' counsel billed 1.20 hours for "Travel and attend oral argument" on the Motion.  [Exh. A to Paer Decl.] Courts within the Ninth Circuit generally do not compensate counsel for travel to hearings unless counsel performed legal services while in transit.  See, e.g., United States v. Washington, 626 F. Supp. 1405, 1447 n.23 (C.D. Wash. 1985) (citing In re Equity Funding Corp. of America Securities Litigation, 438 F. Supp. 1303, 1330, 1343 (C.D. Cal. 1977)).

There is no indication that Plaintiffs' counsel performed legal services while traveling to the courthouse.  Further, the Court's Order did not state that Plaintiffs were entitled to attorney's fees incurred for travel to the hearing on the Motion.  According to the Court's minutes from the hearing, the hearing lasted fifteen minutes, or 0.25 hours.  The Court will therefore deduct 0.95 hours from Plaintiffs' request to account for counsel's travel time.

Finally, the Court agrees with Defendant that the time Plaintiffs' counsel spent reviewing the Motion and preparing the memorandum in opposition was excessive in light of counsel's experience in these matters and the fact that the issues addressed therein were not unusually complex.  The Court will therefore deduct 2.0 hours from counsel's time.

### C. **Total Lodestar Award**

Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| John Harris Paer | 11.25 | $280 | $3,150.00 |
| | State Excise Tax of 4.5% | | $ 141.75 |
| | | **TOTAL LODESTAR AWARD** | **$3,291.75** |

The Court declines to adjust this amount based on the Kerr factors.

7

## **CONCLUSION**

On the basis of the foregoing, this Court awards Plaintiffs $3,291.75 in attorney's fees.  The Court orders Defendant to pay this amount to Plaintiffs' counsel by no later than **April 15, 2008**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 1, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**GERALDINE I. KAJITANI, ET AL. V. DOWNEY SAVINGS AND LOAN ASSOCIATION; CIVIL NO. 07-00398 SOM-LEK; ORDER AWARDING ATTORNEY'S FEES AND COSTS**