IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

```
GERALDINE KAJITANI, ET AL.,    )    CIVIL NO. 07-00398 SOM-LEK
                               )
          Plaintiffs,          )
     vs.                       )
                               )
DOWNEY SAVINGS & LOAN          )
ASSOCIATION,                   )
                               )
          Defendant.           )
_____)
```

**ORDER DENYING PLAINTIFFS' MOTION TO**
**EXTEND DATE FOR NAMING OF EXPERT WITNESSES**

On June 25, 2008, Plaintiffs Geraldine I. Kajitani, individually and as trustee of the Geraldine I. Kajitani Revocable Trust, and Arnold K. Kajitani, individually and as trustee of the Arnold K. Kajitani Revocable Trust (collectively "Plaintiffs") filed their Motion to Extend Date for Naming of Expert Witnesses ("Motion").  Downey Savings and Loan Association, F.A. ("Defendant") filed its memorandum in opposition on July 1, 2008.  This matter came on for hearing on July 7, 2008.  Appearing on behalf of Plaintiffs was John Harris Paer, Esq., and appearing on behalf of Defendant was Theodore Young, Esq., and Teri-Ann Nagata, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case. The Court will therefore only address the events that are relevant to the instant Motion.

Plaintiffs filed their Complaint for Damages and Injunctive Relief ("Complaint") on July 26, 2007. This Court's October 18, 2007 Rule 16 Scheduling Order set Plaintiffs' expert witness disclosure deadline for March 17, 2008. Plaintiffs did not identify any expert witnesses by the deadline.

On March 17, 2008, this Court granted Defendant's Motion for Leave to File a Third-Party Complaint. On March 28, 2008, Defendant filed its Third-Party Complaint against Dana Capital Group, Inc., Matthew Green, and Mark Atalla (collectively "Third-Party Defendants").

Defendant filed its Motion for Summary Judgment on April 16, 2008. Defendant contended that Plaintiffs' argument that they did not receive any documents at the closing was insufficient to rebut the presumption created by Plaintiffs' signed acknowledgments of receipt. Attached to Plaintiff's April 30, 2008 memorandum in opposition to Defendant's Motion for Summary Judgment was a declaration from Plaintiffs' purported expert, Charles Wheeler. Mr. Wheeler opined that Defendant's actions in connection with the loan were "abusive, unfair and deceptive." Plaintiffs, however had never disclosed Mr. Wheeler

as an expert witness prior to that point.  On May 22, 2008, the district judge granted Defendant's Motion for Summary Judgment in part and denied it in part.  The district judge expressly declined to consider Mr. Wheeler's untimely declaration and stated that, if there was good cause to extend Plaintiffs' expert disclosure deadline, they should have filed a motion to amend the Rule 16 Scheduling Order.

In the instant Motion, Plaintiffs ask the Court to amend the Rule 16 Scheduling Order and extend their expert disclosure deadline.  Plaintiffs state that they assumed that, because this Court granted Defendant leave to file the Third-Party Complaint, this Court would also amend the discovery deadlines to accommodate the new parties.  Plaintiffs also state that they did not believe that they needed to identify an expert witness until Defendant filed its Motion for Summary Judgment.  Plaintiffs disclosed Mr. Wheeler's declaration approximately six weeks after the expert disclosure deadline.  Plaintiffs argue that this was a brief delay, particularly in light of the deadlines the Court will impose for the Third-Party Defendants' discovery.

Plaintiffs note that the parties have not taken any depositions in this case and that discovery has barely begun.  They state that they did not intentionally withhold Mr. Wheeler's declaration to obtain a strategic advantage.  Plaintiffs argue

that the delay in disclosing Mr. Wheeler's opinion is harmless in light of Defendant's filing of the Third-Party Complaint, which will require a new trial date and a new discovery cutoff.

        Defendant argues that Mr. Wheeler's opinion is procedurally improper because it was untimely and is substantively improper because it addresses the ultimate issue of law in the case.  Defendant argues that the Court must exclude Mr. Wheeler's testimony pursuant to Federal Rule of Civil Procedure 26.  The Court can only allow Mr. Wheeler's testimony if Plaintiffs' untimely disclosure was either substantially justified or harmless.  Defendant argues that these are high standards and that Plaintiffs cannot establish either.  Defendant also emphasizes that Plaintiffs should have been aware of the issues Mr. Wheeler addressed in his declaration as soon as they filed their Complaint.  Thus, neither Defendant's Third-Party Complaint nor Defendant's Motion for Summary Judgment created the need for Mr. Wheeler's testimony.

        Defendant also argues that it has suffered prejudice because of Plaintiffs' untimely disclosure.  Defendant did not disclose any expert witnesses based in part on the fact that Plaintiffs did not disclose any experts by the March 17, 2008 deadline.  Finally, Defendant argues the purpose of exclusion under Federal Rule of Civil Procedure 37 is not only to ameliorate prejudice; it is also to punish the offending party

and deter future dilatory filings.

## DISCUSSION

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. Pursuant to Rule 26(a)(2)(A), parties must disclose any person who may provide expert testimony during trial. If the party specifically employed or retained the witness to give expert testimony in the case the expert disclosure must include a report by the witness. See Fed. R. Civ. P. 26(a)(2)(B). The court directs the timing and sequence of expert disclosures. See Rule 26(a)(2)(C).

In the present case, Plaintiffs neither disclosed Mr. Wheeler's identify nor provided his expert report by Plaintiffs' March 17, 2008 expert disclosure deadline. Further, Mr. Wheeler is not a rebuttal expert because Defendant did not disclose any expert witnesses. See Rule 26(a)(2)(C)(ii); TC Sys. Inc. v. Town of Colonie, New York, 213 F. Supp. 2d 171, 179 (N.D.N.Y. 2002) (stating that Rule 26(a)(2)(C) "defines rebuttal experts as presenting 'evidence [that] is **intended solely** to contradict or rebut evidence on the same subject matter identified' by an initial expert witness" (some alterations in original)).

Federal Rule of Civil Procedure 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

5

>           motion, at a hearing, or at a trial, unless the
>           failure was substantially justified or is
>           harmless.  In addition to or instead of this
>           sanction, the court, on motion and after giving an
>           opportunity to be heard:
>              (A) may order payment of the reasonable
>           expenses, including attorney's fees, caused by the
>           failure;
>              (B) may inform the jury of the party's
>           failure; and
>              (C) may impose other appropriate sanctions,
>           including any of the orders listed in Rule
>           37(b)(2)(A)(i)-(vi).

The exclusion sanction is "self-executing" and "automatic".  See Fed. R. Civ. P. 37(c) advisory committee's note (1993 Amendments).  Its harsh penalties are ameliorated by the limitation that sanctionable violations be without substantial justification and by the exception for harmless violations.

Plaintiffs argue that their failure to make a timely expert disclosure was substantially justified because they did not believe that expert testimony was necessary until Defendant filed its Motion for Summary Judgment.  The Court, however, finds that Mr. Wheeler's declaration addresses issues that are at the heart of Plaintiffs' claims.  Thus, Plaintiffs should have been aware of their need for expert testimony prior to expiration of their expert disclosure deadline, if not from the inception of this case.  Plaintiffs' failure to make a timely disclosure was not substantially justified.

Plaintiffs next argue that their late disclosure is harmless because of Defendant's Third-Party Complaint.

Plaintiffs assert that there will be ample time for Defendant to depose Mr. Wheeler and identify its own expert because, once the Third-Party Defendants appear, they will likely seek a continuance of the trial date and other deadlines.  Defendant filed its Third-Party Complaint on March 28, 2008, but have yet to effect service upon the Third-Party Defendants.  Trial in this matter is set for November 18, 2008.  At the hearing on the Motion, defense counsel indicated that Defendant was prepared to proceed to trial without the Third-Party Defendants.  Thus, a continuance to accommodate the Third-Party Defendants will not be necessary.  Further, the Court hereby puts Defendant on notice that, if Defendant does not serve the Third-Party Defendants by **July 26, 2008**, and file proof of such service by **July 31, 2008**, this Court will issue a finding and recommendation that the Third-Party Complaint be dismissed without prejudice.  See Fed. R. Civ. Pro. 4(m).

      If the Court allowed Plaintiffs to name Mr. Wheeler as an expert witness at this stage of the litigation, the Court would also have to reopen Defendant's expert disclosure deadline, and would probably also have to reopen the dispositive motions deadline, which was April 16, 2008, and extend the discovery deadline, which is currently September 19, 2008.  Granting Plaintiffs' Motion would unduly delay the case.  This Court therefore cannot find that Plaintiffs' untimely disclosure was

harmless.

Insofar as Plaintiffs' untimely disclosure was neither substantially justified nor harmless, Rule 37(c)(1)'s automatic exclusion sanction applies.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion to Extend Date for Naming of Expert Witnesses, filed June 25, 2008, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 15, 2008.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**GERALDINE KAJITANI, ET AL. V. DOWNEY SAVINGS & LOAN ASSOCIATION; CIVIL NO. 07-00398 SOM-LEK; ORDER DENYING PLAINTIFFS' MOTION TO EXTEND DATE FOR NAMING OF EXPERT WITNESSES**